IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MECHELLE RENEE MARTIN                                                  PLAINTIFF

vs.                                    Civil No. 2:18-cv-02070

CAROLYN W. COLVIN                                                      DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Mechelle Renee Martin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **AFFIRMED.**

1.    **Background:**

This case has a long and complicated procedural background.  Plaintiff's original protective

filing date was April 26, 2007 with an alleged onset date of April 13, 2007.  (Tr. 1091).  This case

has had three administrative decisions: (1) January 19, 2012; (2) April 1, 2015; and (3) December

11, 2017.  (Tr. 12-36, 630-656, 1026-1062).  The ALJ has held seven administrative hearings in

Plaintiff's case: (1) January 23, 2009; (2) April 16, 2009; (3) January 4, 2012; (4) March 9, 2015;

(5) October 5, 2016; (6) April 13, 2017; and (7) August 10, 2017.  (Tr. 37-111, 657-684, 1063-1122).

1

This Court has also remanded Plaintiff's case twice previously for further administrative review. (Tr. 740-748, 1198-1204). The first remand was on July 10, 2014, and the second remand was on March 29, 2016. (Tr. 740-748, 1205-1209). *See Martin v. SSA,* 2:13-cv-02150 (W.D. Ark. July 10, 2014); *Martin v. SSA,* 2:15-02122 (W.D. Ark. March 29, 2016).

Since the second and most recent remand, three administrative hearings have been held. (Tr. 1063-1122). During the first and second administrative hearings, on October 5, 2016 and on April 13, 2017, the ALJ extensively developed the record regarding Plaintiff's impairments and work history. (Tr. 1079-1122). During the third administrative hearing, on August 10, 2017, the ALJ developed the issue of whether Plaintiff could perform other occupations considering her limitations. (Tr. 1063-1078).

Subsequent to these hearings, on December 11, 2017, the ALJ entered the SSA's third hearing decision. (Tr. 1026-1062). This is the decision currently before the Court. The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 26, 2007, her application date. (Tr. 1031, Finding 1). The ALJ determined Plaintiff had the following severe impairments: bipolar I disorder, posttraumatic stress disorder (PTSD), bilateral carpal tunnel syndrome, fibromyalgia, and polyarthritis. (Tr. 1032, Finding 2). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 1033, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 1036-1048, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that she can occasionally climb, balance, stoop, kneel, crouch and crawl. She can frequently handle, finger and feel. In addition, the claimant can perform simple, routine and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 1048, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 1048-1049, Finding 9). In making this determination, the ALJ relied upon the testimony of the VE. *Id.*

Specifically, based upon that testimony and considering all of Plaintiff's limitations, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as the following sedentary, unskilled occupations: (1) tile table worker with 2,834 such jobs in the nation; (2) etcher helper with 1,329 such jobs in the nation; and (3) toy stuffer with 3,725 such jobs in the nation. (Tr. 1049). Based upon these findings, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 26, 2007 through the date of the ALJ's decision or through December 11, 2017. (Tr. 1049, Finding 10). Thereafter, on April 10, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 16-17. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In her appeal brief, Plaintiff raises two issues for reversal: (A) the ALJ improperly assessed her RFC; and (B) the ALJ erred in his Step Five determination. ECF No. 16 at 1-10. The Court will consider both of these issues.

A.    **RFC Determination**

Plaintiff raises the following claims related to the ALJ's RFC determination: (1) the ALJ's RFC determination as to her ability to handle and finger is not supported by the medical evidence; (2) the ALJ erred in his assessment of her COPD; (3) the ALJ did not properly assess her urinary problems; (4) the ALJ did not adequately address the medical opinions in the evidence; and (5) the ALJ did not properly address her subjective complaints. The Court will address each of these arguments.

First, Plaintiff claims the ALJ "overstated" her ability to handle, finger, and feel, considering her limitations due to her carpal tunnel syndrome. ECF No. 16 at 2. In his decision, the ALJ found Plaintiff could "frequently handle, finger, and feel," and Plaintiff claims she cannot frequently

handle, finger, and feel with her carpal tunnel syndrome. *Id.* After reviewing this claim and the medical evidence in Plaintiff's case, the Court finds Plaintiff's argument has no merit, and the Court finds no basis for reversal.

Plaintiff does have a history of treatment for carpal tunnel syndrome, and she underwent a carpal tunnel release on her right side in November of 2015. (Tr. 1529). However, Plaintiff's treatment records post carpal tunnel surgery demonstrate her condition improved. (Tr. 1015-1016, 1046, 1085, 1660). After her surgery, on October 17, 2016, Plaintiff returned to her treating physician, Dr. James E. Kelly, M.D., with complaints of numbness in only *one* finger, and her nerve conduction studies were normal. (Tr. 1658-1660). On February 17, 2017, Dr. Kelly noted Plaintiff had only intermittent swelling and numbness. (Tr. 1660). Dr. Kelly concluded Plaintiff was developing inflammatory arthritis and referred her back to a rheumatologist. (Tr. 1660). The following month when Plaintiff returned, Dr. Kelly noted "her hands have recovered nicely" with only a ten percent deficiency in her sensory and grip strength. (Tr. 1045-1047). Indeed, Plaintiff's normal diagnostic findings as well as functional capacity evaluation findings showed improvement from 2015 to 2017 and support the ALJ's finding of frequent handling, fingering, and feeling. (Tr. 1045-1047).

Plaintiff also claims the ALJ improperly discounted the findings of the FCE examiner. ECF No. 16 at 3-4 (Tr. 1477). Upon review, however, this examiner was a physical therapist, and the ALJ may properly discount the findings of a physical therapist, who is a non-acceptable medical source. *See* 20 C.F.R. §§ 404.1513(d), 404.913(d). Similarly, Plaintiff claims the ALJ improperly discounted the findings of a one-time consultative examiner. However, as noted by the ALJ, those findings were inconsistent with the objective medical evidence and Plaintiff's daily activities. Thus,

it was entirely proper for the ALJ discount those findings.  *See Pearsall v. Massanari,* 274 F.3d 1211, 1219 (8th Cir. 2001) (recognizing the "ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole").

Second, Plaintiff claims the ALJ improperly evaluated her COPD and erred by finding this impairment was non-severe.  ECF No. 16 at 4-5.  To be severe, however, Plaintiff must demonstrate her COPD impacts her ability to perform "basic work activities."  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  A claimant only suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *Id.*  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'"  *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added).

In the present action, Plaintiff has not demonstrated her COPD is severe.  For instance, as noted by the ALJ, Plaintiff's medical records demonstrate her COPD was not only controlled with medication but was also reversible with medication.  (Tr. 1032).  In January of 2014, Plaintiff's physician noted her COPD was unchanged.  (Tr. 1017).  While Plaintiff did experience "wheezing" with breathing, she had no chest pain, peripheral edema, or shortness of breath.  (Tr. 1017).  Her current medication regimen provided significant improvement.  *Id.*  In April of 2016, although Plaintiff's pulmonary function test showed respiratory impairments, her testimony demonstrated significant reversibility with the administration of medication during the evaluation.  (Tr. 1544). Furthermore, the ALJ also considered Plaintiff continued to smoke throughout the relevant period

against the advice of her treating physicians. (Tr. 1580, 1608, 1715). Since the record demonstrated Plaintiff continued to smoke and her COPD improved with medication, the ALJ determined Plaintiff would only be limited by excessive amounts of pulmonary irritants, which are not typically in a job environment. (Tr. 1032). Thus, the Court finds the ALJ did not err in finding her COPD was non-severe.

Third, Plaintiff claims she has documented urinary problems, and the ALJ did not properly consider those. ECF No. 16 at 5. Upon review, however, the Court finds this argument is without merit. The record demonstrates Plaintiff's incontinence resolved with treatment. In April of 2016, Plaintiff's treating physician referred her to a urologist for incontinence and frequency. (Tr. 1570). After Plaintiff did not show improvement with medication, in November of 2016, she underwent mesh surgery. (Tr. 1640). In January of 2017, the urologist noted Plaintiff felt improved overall and prescribed medication. (Tr. 1640, 1643). In June of 2017, Plaintiff reported improvement in her urgency and frequency with medication. (Tr. 1710). The objective medical evidence does not support the additional limitation of frequent bathroom breaks; and, therefore, Plaintiff's argument should be dismissed.

Fourth, Plaintiff claims the ALJ improperly evaluated the findings of Robert L. Spray, Ph.D., a consultative examiner. (Tr. 572-577, 1041-1042, 1044, 1047-1048, 1604-1613). Upon review, however, Dr. Spray's findings were based largely on Plaintiff's own subjective reports or descriptions of her symptoms and limitations. (Tr. 575-576, 1048, 1610-1612). As such, the ALJ may properly discount those findings. *See Teague v. Astrue,* 638 F.3d 611, 615-616 (8th Cir. 2011) (holding the ALJ properly discounted the opinion of a consulting examining psychologist that was based on the claimant's subjective complaints rather than objective or clinical findings).

Fifth an finally, Plaintiff claims the ALJ erred in evaluating her subjective complaints. ECF

No. 17 at 7-8. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

9

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. Indeed, the ALJ considered Plaintiff's subjective complaints, evaluated her medical records, and noted the following inconsistencies in his decision to discount Plaintiff's subjective complaints:

- Plaintiff continued to smoke against the advice of her treating physicians. (Tr. 1001, 1032, 1580, 1608, 1715);

- Plaintiff's respiratory symptoms improved with medication and her carpal tunnel syndrome improved post-surgery. (Tr. 1017, 1032, 1045-1046, 1544); and

- Plaintiff was able to engage in activities inconsistent with disabling physical and mental symptoms, such as care for her daughter, handle personal care tasks, prepare meals, perform household chores, and manage her own finances. (Tr. 278-282, 1044).

Upon review, the Court cannot find a basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

### B.    Step Five Determination

Plaintiff claims the ALJ's Step Five determination is not supported by substantial evidence in the record because the ALJ's hypothetical to the VE was incomplete. ECF No. 16 at 8-9. Plaintiff bases this argument upon her claim that the ALJ's RFC determination was incomplete. *Id.*

As noted above, Plaintiff's claim is without merit, and the Court finds no basis for reversing the ALJ's RFC determination. Furthermore, the Eighth Circuit has consistently held a valid

hypothetical need only include those limitations the ALJ accepts as credible. *See, e.g., Smith v. Colvin,* 756 F.3d 621, 627 (8th Cir. 2014). Thus, because the ALJ's hypothetical to the VE reflected the limitations the ALJ found credible (not just those alleged by Plaintiff), the Court finds no basis for reversal on this issue.

4.    **Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix,* **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 28th day of February 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE